# OCTOBER TERM, 1891.[*]

ISAAC HEMBLING v. THE CITY OF BIG RAPIDS.

*Municipal corporations—Public improvements—Change of grade—Damages—Estoppel.*

A lot-owner who, with full knowledge of the situation, joins in a petition to the common council of a city to establish the grade of and improve a street upon which his lots abut, and who makes no objections on the review of the assessment roll for said improvement, upon which he is assessed a certain sum as benefits, which he voluntarily pays, has had his day in court, and cannot afterwards be heard in an independent proceeding to recover damages for the stoppage of water and the temporary flowage of his land caused by such improvement, he having failed to exercise his right to appear before the city council and urge his claim for such damages; citing *Brown v. City of Grand Rapids*, 83 Mich. 101.

Error to Mecosta. (Palmer, J.) Submitted on briefs November 6, 1891. Decided December 21, 1891.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*C. C. Fuller* and *H. S. Jennings*, for appellant, contended:

1. Surface water may be said to form a water-course from the place or point where it begins to have a reasonably well defined channel; citing Gould, Waters, § 263; and, although it has no springs as a source, if it has flowed in a certain direction for

such a length of time as to have formed a bed and banks, it is a water-course, though it is sometimes dry; citing *Eulrich v. Richter*, 41 Wis. 318; and this is true of surface water coming only in the spring; citing *Palmer v. Waddell*, 22 Kan. 352; and it is immaterial how small the flow may be; citing *Swett v. Cutts*, 50 N. H. 439.'

2. The law or rule is well settled in this State in favor of the plaintiff, unless, as contended by the defendant and held by the court below, *urban* property is excepted from the rule; citing *Boyd v. Conklin*, 54 Mich. 583; *Booming Co. v. Jarvis*, 30 Id. 308.

3. A municipal corporation has no rights applicable to this case not possessed by an individual, except in the proper exercise of the right of eminent domain; citing Gould, Waters, §§ 271, 272; nor have public officers any greater rights than individuals; citing *Cubit v. O'Dett*, 51 Mich. 347; *Ashley v. Port Huron*, 35 Id. 296; *Harper v. Milwaukee*, 30 Wis. 365; and in *Kemper v. Louisville*, 14 Bush, 87, a city which, in the construction of a street, made a fill across a natural drain for surface water, and flooded an adjoining owner's property, was held liable; and a city is liable for the insufficiency of a gutter, causing surface water to overflow an adjoining lot; citing *City of Dixon v. Baker*, 65 Ill. 518; or for a failure to provide temporary means for the escape of surface water while raising the grade of a street; citing *Cotes v. Davenport*, 9 Iowa 227; *Templin v. Iowa City*, 14 Id. 59; *Ross v. Clinton*, 46 Id. 606; *Earl v. De Hart*, 12 N. J. Eq. 280; *Haynes v. Burlington*, 38 Vt. 362; *Martin v. Riddle*, 26 Penn. St. 415 (note); *Franklin v. Fisk*, 13 Allen, 211; *Bates v. Smith*, 100 Mass. 182; *Nevins v. Peoria*, 41 Ill. 502; Washb. Easem. 334, 335, 356, 495, 499; and the weight of authority is overwhelming, if not uniform, in applying the same rule to urban as to suburban property.

*J. B. Upton*, city attorney, for defendant, contended:

1. Plaintiff signed the petition to grade Rose avenue, knew that it was before the common council for ratification, did not go before the council to raise objections when the assessment was ratified and confirmed, paid his assessment tax without protest, and he is therefore estopped from bringing this action, unless the city, by its officers, acted maliciously; citing *Nickodemus v. East Saginaw*, 25 Mich. 456; *Roberts v. Chicago*, 26 Ill. 249.

GRANT, J.   Plaintiff is the owner of two lots located on the corner of Bellevue street and Rose avenue, in the defendant city, having purchased the same in 1885.   These

lots, and the street adjoining, were situated in a hollow or depression. This hollow, sometimes wide and sometimes narrow, extended east to a creek. In the spring, when the ground was frozen, the water flowed from the higher land surrounding, through this hollow, into the creek. At other times the water is absorbed by the soil as fast as it falls, except that once or twice, in cases of extraordinary freshets, it has been known to flow down the hollow. Streets have been extended across it, graded, and improved. Lots have been filled in, and buildings erected.

In 1886 the city established a grade upon Rose avenue, and raised it opposite plaintiff's lots seven feet. Previous to that the surface of the ground and the street was about the same. A survey made by an engineer showed that the lowest point on the east side of Rose avenue is 3.37 feet higher than the lowest point on plaintiff's lots. Plaintiff brings suit for damages which he claims are caused by the stoppage of the water, thereby overflowing his lots, and flooding his celar. It is conceded that the proceedings had by the city to establish the grade and improve the street were regular, and in pursuance of the authority granted to defendant by its charter.

An important question is presented by this record, which it would be necessary to determine, but for the fact that the plaintiff by his conduct is estopped from raising it. When plaintiff purchased these lots the territory including them was a part of the city, had been platted, and the streets, including Rose avenue, appropriated to the public use. Whether this street had been so appropriated by condemnation proceedings, or by dedication on the part of the owner and acceptance by the public authorities, does not appear, nor is it material to the question·at issue. If the former, the owner had received compensation for the land taken; if the latter,

he had waived compensation. In either event, the right
to grade the street was conferred upon the defendant.
It had the power to raise or lower the grade without
paying additional compensation. The fact that one's
house may be left standing high above the grade, or in
a hollow below it, does not give the owner any right of
action for damages. Inconvenience may result to him,
and his property be rendered less valuable, but public
accommodation must prevail over his private interests.
*Smith v. Washington City*, 20 How. 135; *City of Pontiac
v. Carter*. 32 Mich. 164.

In the present case plaintiff would clearly have no
right of recovery were it not for the stoppage of the
water and the temporary flowage of his land. With a
full knowledge of the situation, plaintiff and other prop-
erty-owners along the street, petitioned the common
council to establish the grade and improve the street.
After they had graded it, a committee of the council
was appointed to assess the benefits and apportion the
damages. This committee decided that the plaintiff's
lots were benefited to the amount of about $15, and they
assessed it against him. Of all these proceedings he had
notice. The charter provided for a review of the assess-
ment roll. To all these proceedings he made no objec-
tions, and voluntarily paid his assessment. He might
have appeared before the council to urge his claim for
damages. He failed to do so. He has had his day in
court, and cannot now be heard in an independent pro-
ceeding to recover damages. *Brown v. City of Grand
Rapids*, 83 Mich. 101, and authorities there cited.

Judgment is affirmed.

CHAMPLIN, C. J., McGRATH and LONG, JJ., concurred.

MORSE, J., concurred in the result.