## PATRICK COLLINS v. THE CITY OF GRAND RAPIDS.

*Estoppel—Municipal improvements—Grading street.*

An abutting lot-owner who joins in a petition for the grading of a street in a manner necessitating the resting of the foot of the embankment, made in raising the grade, upon his lot, and who makes no objection while the work is being done, although he sees that his fence is being covered with earth, and himself tears it down and removes it, is estopped from claiming damages for the consequent injury to his premises; citing *Hembling v. City of Big Rapids*, 89 Mich. 1.

Error to superior court of Grand Rapids. (Burlingame, J.) Argued March 8, 1893. Decided April 7, 1893.

Trespass. Defendant brings error. Reversed. The facts are stated in the opinion.

*William Wisner Taylor*, for appellant, contended:

1. The precise point involved in this case is fully covered in *Hembling v. City of Big Rapids*, 89 Mich. 1.

*James E. McBride*, for plaintiff, contended:

1. The facts in this case take it out of the rule laid down in *Hembling v. City of Big Rapids,* 89 Mich. 1, and place it within the ruling in *Vanderlip v. City of Grand Rapids,* 73 Mich. 522, and the cases there cited.

LONG, J. This is an action of trespass growing out of an alleged filling in upon the land of the plaintiff by the city in raising the grade of a street.

The declaration alleges that the city, on August 1, 1888, and on divers other days, entered plaintiff's premises with a large number of men, teams, etc., and drew and deposited upon said premises large quantities of earth, and by so doing dammed up the water which naturally ran and flowed onto said premises in times of rain and wet weather, and caused the same to settle in pools on said lot, and run into the cellar of his house, and destroyed shrubbery, fruit and shade trees, growing on said lot, and by depositing earth on said premises prevented access to his lot. On the trial plaintiff had verdict and judgment for $166.46 damages. The court, in submitting the case to the jury, directed them that if the city in grading the street turned water onto plaintiff's land, and flooded it, he would be entitled to recover for such damage; also, that if in filling the street the city went outside the street limits, and permitted the filling to extend over upon plaintiff's land, it would be liable in damages for the trees, etc., destroyed, as well as for injury to the house, cellar, and lot.

It appears that the plaintiff was one of the petitioners for the grading of the street. The city council, acting upon the petition, directed the grade to be made from 5½ to 9 feet above plaintiff's land. It is conceded that the work was done in accordance with the plan adopted. While it was being graded the plaintiff stood by, and without any objection, either to the contractor doing the work, or to the city, allowed the work to go forward, and be completed according to the established grade, with which he

was familiar. Ten months later he commenced this suit. It appears that it would not have been possible to make the improvement as it was petitioned for to the width of the street, and at the established grade, without the foot of the embankment resting upon the plaintiff's ground. Plaintiff testified that while the work was in progress he made no complaint to the contractor. He saw his fence was being covered by the earth, and tore it down, himself removing the boards.

The case comes directly within the ruling of this Court in *Hembling v. City of Big Rapids*, 89 Mich. 1. The plaintiff, by his own conduct, is estopped from making the claim he now sets up. There was nothing to go to the jury on the question of damages.

The judgment of the court below must be reversed, and a new trial ordered.

The other Justices concurred.